995 F.2d 802
 83 Ed. Law Rep. 1000
 Rabbi Thomas FRIEDMANN, Reverend Penelope Binger, Armolene
J. Maxey, Bill Knepper, and Reverend Laird R.
Keever, Appellees,
v.
SHELDON COMMUNITY SCHOOL DISTRICT and Marcus Community
School District, Appellants.
 No. 93-2375.
 United States Court of Appeals,
Eighth Circuit.
 May 28, 1993.
 
 1
 Thomas J. Whorley, Sheldon, IA, argued, for appellants.
 
 
 2
 Randall C. Wilson, Des Moines, IA, argued, for appellees.ORDER
 
 
 3
 Appellants Sheldon Community School District and Marcus Community School District appeal the district court's grant of a preliminary injunction enjoining the defendants from permitting graduating students to read an invocation or benediction at their graduation ceremony. They now seek an emergency stay of the injunction. For the following reasons, we grant the emergency stay, vacate the injunction, and remand with instructions to dismiss the action for want of subject matter jurisdiction.
 
 
 4
 Plaintiffs/appellees are neither graduating students, parents of students nor residents of the defendant school districts. They do not allege an intention to attend the graduation ceremonies in question. Rather, they base their standing to bring this action as taxpayers in the State of Iowa.
 
 
 5
 The Supreme Court has required plaintiffs asserting taxpayer standing to jump two hurdles: first, the taxpayer must establish "a logical link between [his status as taxpayer] and the type of legislative enactment attacked," and second, "the taxpayer must establish a nexus between that status and the precise nature of the constitutional infringement alleged." Flast v. Cohen, 392 U.S. 83, 102, 88 S.Ct. 1942, 1953, 20 L.Ed.2d 947 (1968). In ruling that plaintiffs had standing, the district court noted that:
 
 
 6
 In the instant case, the plaintiffs are challenging Iowa Code sec. 257.16 which provides for the disbursement of funds from the State General Fund to school districts in the state. Testimony at the hearing on the motion for preliminary injunction revealed that in fact these schools do receive money from the State General Fund and that money is deposited in the school general fund. Testimony further revealed that the school general fund is used to pay for the diplomas and diploma covers given to the students at graduation. In addition, in past years at least, the Sheldon school has also used its general fund for purposes of paying for flowers, balloons and other graduation items.
 
 
 7
 The court then held that under this Court's decision in Minnesota Federation of Teachers v. Randall, 891 F.2d 1354 (8th Cir.1989), the plaintiffs merely had to show a "measurable expenditure of tax money" through the challenged activity. We believe that the court misconstrued Randall and the Supreme Court decisions upon which Randall relied.
 
 
 8
 In Randall, the plaintiff challenged a state statute allowing high school students to take classes at private, religious colleges at state expense. Thus, the challenged statute provided direct expenditures of tax money to religiously affiliated institutions. The language quoted by the district court merely illustrated this court's holding that the plaintiff did not have to show his taxes actually rose to secure taxpayer standing. Id. at 1358. Here, we have no such nexus. Plaintiffs have made no allegation that the state is spending money for religious purposes. They have not shown any state money going to the invocation or benediction, which is what they contend violates the Establishment Clause. They have shown no more than that state money is spent for diplomas, which certainly is not objectionable under the Establishment Clause. Thus, the plaintiffs cannot show a nexus between their status as taxpayers and the "precise nature of the constitutional violation alleged." Flast, 392 U.S. at 102, 88 S.Ct. at 1953. Nor do we believe the Supreme Court's decision in Bowen v. Kendrick, 487 U.S. 589, 108 S.Ct. 2562, 101 L.Ed.2d 520 (1988), mandates a different result. While in Kendrick the court concluded plaintiffs' challenges of expenditures authorized by the executive branch did not bar taxpayer standing, the Court also specifically noted that "[t]he AFLA is at heart a program of disbursement of funds pursuant to Congress' taxing and spending powers, and appellees' claims call into question how the funds authorized by Congress are being disbursed pursuant to the AFLA's statutory mandate." Id. 487 U.S. at 619-20, 108 S.Ct. at 2579-80. Again, we find the nexus between spending and the alleged constitutional violation that the present case lacks. We believe that the Supreme Court's admonition to similar plaintiffs is equally applicable here: "Their claim that the Government has violated the Establishment Clause does not provide a special license to roam the country in search of governmental wrongdoing and to reveal their discoveries in federal court." Valley Forge College v. Americans United for Separation of Church and State, 454 U.S. 464, 487, 102 S.Ct. 752, 766, 70 L.Ed.2d 700 (1982).
 
 
 9
 We are also unconvinced by the district court's conclusion that to deny taxpayer standing in this case would essentially abolish the doctrine. Randall shows that the doctrine is alive and well in an appropriate case. Moreover, the doctrine of taxpayer standing is of greatest importance when there is no other party to sue. As the Supreme Court has noted on many occasions, standing is concerned with whether the party before the court is a proper party to bring the action. See, e.g., Flast, 392 U.S. at 99-100, 88 S.Ct. at 1952-53; Valley Forge, 464 U.S. at 472, 102 S.Ct. at 804. Here, the affected students or their parents could easily bring a challenge to the invocation in question. We simply hold that these plaintiffs may not.
 
 
 10
 We conclude that the plaintiffs have not established standing to litigate this action. Without standing the federal courts are without subject matter jurisdiction to entertain their action. We thus must grant the appellant's request for an emergency stay, vacate the injunction, and remand with instructions to dismiss the action.